NO









NO. 12-09-00112-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

NORMAN KYLE TERRY,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

PER CURIAM

Norman
Terry appeals his conviction for leaving the scene of an accident involving
personal injury or death,[1] for which he was
sentenced to imprisonment for eighteen years.  Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  Thereafter, Appellant filed a pro se
brief.  We dismiss the appeal. 

Background

Appellant
was charged by indictment with violating Texas Transportation Code, section
550.021.  Specifically, the indictment alleged, in pertinent part, as follows: 


 

[Appellant]
… intentionally or knowingly [drove] a vehicle that became involved in an
accident resulting in bodily injury to Betty Hudson and Donnie Mullens, and …
[Appellant] did thereafter, knowing said accident had occurred, intentionally
or knowingly leave the scene of said accident without giving his name, address,
registration number of the vehicle [he] was driving, or the name of his motor vehicle
liability insurer to any person, and without rendering reasonable assistance to
Betty Hudson and Donnie Mullens when it was then apparent that Betty Hudson and
Donnie Mullens were in need of medical treatment.  

 

….

 

[Appellant]
intentionally or knowingly [drove] a vehicle that became involved in an
accident resulting in bodily injury to Betty Hudson and Donnie Mullens, and …
[Appellant] did thereafter, knowing said accident had occurred, intentionally
or knowingly fail to give his name and address and registration number of the
vehicle [he] was driving and the name of [his] motor vehicle liability insurer
to Betty Hudson, who was the driver of the vehicle collided with[.]

Appellant
pleaded “guilty” as charged.  He further pleaded “true” to the allegations in
the indictment that (1) he used or exhibited a deadly weapon during the
commission of or immediate flight from the offense and (2) he had been
previously convicted of the felony offense of burglary.  The court accepted
Appellant’s plea and sentenced him to imprisonment for eighteen years.  This
appeal followed.

 

Analysis Pursuant to
Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State.  Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978),
Appellant’s Anders brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any arguable
issues for appeal. 

Thereafter,
Appellant filed a pro se brief in which he raised the following issues:  (1)
Appellant’s conviction violated his right to due process because his open plea
of guilty was unlawfully obtained; (2) the evidence was legally and factually
insufficient to support the trial court’s deadly weapon finding; and (3)
Appellant received ineffective assistance of counsel.[2] 
We have reviewed the record for reversible error and have found none.  See
Bledsoe v. State, 178 S.W.3d 824, 826B27 (Tex. Crim. App. 2005). 

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991), Appellant’s counsel has moved for leave to withdraw.  See also In
re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). 
We carried the motion for consideration with the merits.  Having done so and
having found no reversible error, Appellant=s
counsel’s motion for leave to withdraw is hereby granted.

Opinion delivered March 30, 2010. 

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)

 









[1]
See Tex. Transp. Code Ann. § 550.021 (Vernon Supp. 2009). 





[2]
We have construed Appellant=s statement of issues liberally in the interest of
justice.